## Commonwealth v. Belfiore

*James F. Toohey,* for the Commonwealth.
*Daniel J. Kuhn,* for defendant.

JIULIANTE, *J.,* December 13, 1984—This matter comes before the court upon the granting of defendants Samuel and Maybelle Belfiore's motion for rehearing. After a hearing held before District Justice Harry L. Joslin on September 22, 1981, defendants were found guilty of violating section 4 of Washington Township Junkyard Ordinance 3-78. Thereafter, the Belfiores appealed the decision of District Justice Joslin, and after a summary appeal proceeding held before this court, the appeal was

dismissed and defendants were found guilty of all charges on November 22, 1982.

On December 16, 1982, defendants' motion for rehearing was granted, and the November 22, 1982 order of this court was vacated. The various allegations alleged in defendants' brief supporting the dismissal of this action require this court to make a careful examination of the proceedings that transpired prior to the September 22, 1981 hearing before District Justice Joslin.

On September 7, 1978, a Washington Township administrator filed a complaint against the Belfiores alleging a violation of section 4 of the Washington Township Junkyard Ordinance. Sometime during the month of October of 1978 a hearing was held before District Justice Saxton. District Justice Saxton found the Belfiores not to be in violation of the ordinance, and on November 16, 1978, the township filed an appeal from the decision of the district justice. After a hearing was held on the appeal before the Court of Common Pleas of Erie County, but before the court had issued its decision, the township filed a motion to withdraw the appeal, which was granted by the court. On June 18, 1981, Washington Township again filed a citation against the Belfiores for the same violation. It should be noted that the officer's remarks on the June 18th citation indicate that the township withdrew its prior appeal so as to allow them to refile a citation under a new and more "concrete" ordinance regulating and defining junk and junkyards. This second citation resulted in the September 22, 1981 hearing before District Justice Joslin, which then led to defendants' summary appeal before this court, this appeal now being the subject of our reconsideration. Because of this matter's lengthy and somewhat confusing past, we find it imperative that it be put to a final rest.

Defendants first argue that the charges currently pending against them should be dismissed based upon the doctrine known as autrefois acquit, a doctrine which applies to criminal actions and somewhat resembles res judicata. Based upon this doctrine, defendants argue that the first judgment on the merits rendered by District Justice Saxton acts as a bar to any subsequent judgment for the same cause of action. Though defendants' point is well taken, such doctrines, when applied to matters such as these, are meant not only to act as protection from oppressive and repeated litigation, they are also meant to foster judicial efficiency and should not be applied inflexibly so as to deny justice. Pursuant to this reasoning, we disagree with defendants and find that the first judgment by Justice Saxton does not act as a bar to the subsequent judgment rendered by District Justice Joslin. This conclusion is based upon two reasons: first, if the township would have pursued its appeal from the first district justice level hearing, this matter would have ultimately found its way before this court for a final determination; second, if we were to dismiss the pending charges against defendants, because of the continuing nature of defendants' conduct, there is nothing to prohibit the township from again issuing a citation against defendants at some future date. Thus, in the interest of justice and judicial efficiency, we refuse to accept defendants' position concerning the issue of harrassment and the doctrine of autrefois acquit.

Defendants' second contention involves the constitutionality of the Washington Township Junkyard Ordinance. Defendant argues that Washington Township's definition of what constitutes "junk", "junkyard" and "junk dealers" is arbitrary and capricious and that the ordinance does not pro-

tect the health and general welfare of the community as it was intended to. After careful examination of the ordinance, we are compelled to disagree with defendant. The language used in the ordinance clearly outlines what is and is not junk, junkyards and junk dealers. Further, the enforcement of this ordinance is a reasonable exercise of the power of Washington Township to promote the health, safety and general welfare of the community.

In light of the foregoing reasoning, and because after a thorough examination of the evidence presented in this case, it is obvious that defendants have been in violation of the ordinance since the issuance of the first citation. We see no reason why this matter should not be put to a final rest, and we therefore find defendants guilty as charged.

## ORDER

And now, this December 13, 1984, after a careful reconsideration of the appeal in the above captioned matter, it is hereby ordered, adjudged and decreed that defendants' appeal is dismissed, and defendants are found guilty as charged.